UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

HERMAN RETT CROWDER, IV                                       PLAINTIFF

V.                                              CIVIL ACTION NO. 3:08cv521-DPJ-JCS

ALFA INSURANCE CORP.                                        DEFENDANT

ORDER

This insurance dispute is before the Court on the motion of Defendant Alfa Insurance Corporation ("Alfa") for partial summary judgment pursuant to Federal Rule of Civil Procedure 56. Plaintiff Herman Rett Crowder IV has responded in opposition. The Court, having considered the memoranda and submissions of the parties, finds that Defendant's motion should be granted in part and denied in part as set forth herein.

I.      Facts and Procedural History

On August 24, 2007, Plaintiff was involved in an automobile accident. He claims that, as a result of the accident, he "sustained severe and painful personal injuries which caused pain, suffering, mental anguish and anxiety, depression, disability, impairment, and disfigurement" and "[a]s a result of his injuries, [he] has sustained a loss of wages and a loss of wage earning capacity." Complaint ¶ 6. The party responsible for the collision, Sandra Pittman, was uninsured at the time, so Plaintiff sought compensation through his insurance carrier, Alfa. In this suit, Crowder alleges that (1) Alfa failed to compensate him for his injuries and that (2) Alfa acted in bad faith in investigating and handling his claims. Defendant filed the instant motion for partial summary judgment, challenging Plaintiff's claims for lost wages, loss of wage earning capacity, and bad faith. The motion is now ripe for consideration.

II.      Summary Judgment Standard

Summary judgment is warranted under Rule 56(c) of the Federal Rules of Civil Procedure when the evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323. The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Id.* at 324. Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1997); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little*, 37 F.3d at 1075. When such contradictory facts exist, the court may "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133, 150 (2000).

III.　Analysis

There are essentially two issues to be resolved in this lawsuit – (1) Plaintiff's claims for compensatory damages under the uninsured motorist (UM) provision of his policy and (2) whether Alfa acted in bad faith in the handling of Plaintiff's claims. Alfa, in its motion for partial summary judgment, seeks dismissal of a portion of Plaintiff's compensatory damages claim (loss of wages and loss of wage earning capacity) and Plaintiff's claim that it acted in bad faith.

　　A.　Lost Income

Prior to the accident, Crowder made his living as a professional golfer. Beginning in 2003, Plaintiff entered a five-year oral agreement with Thomas Hixon, wherein Hixon agreed to pay Crowder $10,000 per month. Crowder would play in various golf tournaments, and if he earned any compensation in these tournaments, the monthly payment would be offset by that amount. Plaintiff claims that, as a result of the accident and his inability to play golf, Hixon terminated the agreement in September 2007, and as such, Plaintiff seeks lost wages in the amount of $10,000 per month. Alfa contends that the payments are not compensable.

As an initial point, it appears that Plaintiff would not be entitled to lost income under his auto policy, having failed to select that coverage. Instead, the parties dispute whether this is a compensable loss under the UM coverage. *See, e.g., Pemberton v. State Farm Mut. Auto. Ins. Co.*, 803 F. Supp. 1187, 1193 (S.D. Miss. 1992) ("Under Mississippi law, uninsured motorist coverage is not limited to damages for bodily injury or death, the law also allows recovery of loss of income."). As such, there is no policy language to guide the Court in determining whether Plaintiff's arrangement with Hixon would constitute a compensable injury.

3

Alfa argues that Plaintiff's claim for lost income should be dismissed because the checks from Hixon are marked "loan" and both Hixon and Crowder treated the payments as loans for tax purposes. Plaintiff argues that the "loan" notation and tax documentation merely create a question of fact. The Court agrees with Plaintiff. Although evidence exists to support Alfa's contention, Hixon also testified that he did not expect repayment and that the accident caused him to discontinue payment. Thus, whether the loss of funds from Hixon is viewed as an injury that was proximately caused by the accident or a non-compensable loan is a question for the jury. Summary judgment is inappropriate on this claim. *See Quinn v. President Broadwater Hotel, LLC*, 963 So. 2d 1204, 1209 (Miss. Ct. App. 2007) ("It is well-established in our jurisprudence that the jury is the trier of fact and '[d]etermines the weight of the testimony and the credibility of the witnesses at trial and it is the primary province of the jury to determine the amount of damages to award.'") (quoting *Teasley v. Buford*, 876 So. 2d 1070, 1075 (Miss. 2004)).

> B. Loss of Wage Earning Capacity

Alfa also contends that Plaintiff's claim for loss of wage earning capacity should be dismissed because he has presented no evidence that his injuries will impact his ability to earn a wage and he has been working full-time since February 2008, earning more money than he did before the accident. *See Jesco, Inc. v. Shannon*, 451 So. 2d 694, 703 (Miss. 1984) (recognizing that "in order to recover for permanent loss of wage earning capacity, there must be a showing of permanent physical impairment"). Crowder failed to address this portion of Defendant's motion in his response. Having considered the arguments and submissions presented by Defendant, the Court finds this portion of the motion is well taken. Plaintiff's claim for loss of wage earning

4

capacity is dismissed.

        C.        Bad Faith/Punitive Damages

Defendant also seeks summary judgment on Plaintiff's claims for extra-contractual or punitive damages. Plaintiff's bad faith claim is based on his belief that Alfa failed to investigate several of his claims for compensatory damages, failed to inform him of its decisions regarding said claims, terminated the advance payment agreement, and refused to pay amounts Alfa knew it owed under the policy, all in an effort to induce Crowder to settle his claims.

Generally speaking, "[t]o recover punitive damages for bad faith denial of [his] insurance claim, [Crowder] must show that the insurer denied the claim (1) without an arguable or legitimate basis, either in fact or law, and (2) with malice or gross negligence in disregard of the insured's rights." *Broussard v. State Farm Fire & Cas. Co.*, 523 F.3d 618, 628 (5th Cir. 2008) (citation omitted). Alfa contends that the standard has not been met because it never made a final decision to deny Crowder's claims. That is not, however, a bright-line rule. An "unreasonable delay in resolving a claim can qualify as recoverable bad faith." *AmFed Cos., LLC v. Jordan*, — So. 3d —, 2009 WL 2595628, at *4 (Miss. Ct. App. Aug. 25, 2009) (affirming bad faith verdict where insurer never denied claims but delayed resolution) (citing *Travelers Indem. Co. v. Wetherbee*, 368 So. 2d 829, 835 (Miss. 1979)). Moreover, an insurance company "owes a duty to its customer to make a reasonably prompt investigation of all relevant facts. The customer is owed the truth after the investigation is concluded, and if there is no valid reason for denying the claim the company must promptly pay the claim." *Murphree v. Fed. Ins. Co.*, 707 So. 2d 523, 530 (Miss. 1997) (citation omitted).

On a motion for summary judgment, the evidence must be viewed in a light most favorable to the non-moving party. Here, there is evidence of delay, inadequate investigation, and coercive tactics. For example, there is a disputed medical bill of approximately $5,000. Defendant was "not sure" whether the bill was related to the accident but never made further investigation and never made a final decision. *See* Def.'s Reply Memo [43] at 5. Based on the current record, the Court cannot say as a matter of law that Defendant had an arguable basis for its actions. *See Jordan*, 2009 WL 2595628, at *4 (affirming trial court's decision to instruct jury on punitive damages under similar circumstances). Moreover, there is some evidence of malice with respect to Alfa's decision to withdraw an advance payment agreement to "move the case toward settlement." That said, Plaintiff carries a heavy burden of proof on this issue. Following the presentation of evidence at trial, the Court will have the opportunity to re-evaluate the propriety of extra-contractual and punitive damages.

IV.     Conclusion

Based on the foregoing, the Court finds that Defendant's motion should be granted as to Plaintiff's loss of wage earning capacity claim and denied as to Plaintiff's lost wages and bad faith claims. The parties are directed to contact Courtroom Deputy Ann Nelson to schedule this case for pretrial conference. The parties are further instructed to discuss mediation before a private mediator or a settlement conference before Magistrate Judge James C. Sumner and report back to the Court.

**SO ORDERED** this the 28th day of October, 2009.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE